IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KASON JO CARMICAL,

           Plaintiff,           Civil Action No. 5:21-cv-05022-TLB

V.

BEKAERT CORPORATION,

           Defendant.

MEMORANDUM IN SUPPORT OF JOINT MOTION
TO STAY PROCEEDINGS AND REFER TO ARBITRATION

Pursuant to 9 U.S.C. § 1 *et seq.* of the federal Arbitration Act ("FAA"), Plaintiff Kason Carmical ("Plaintiff" or "Carmical") and Defendant Bekaert Corporation ("Defendant" or "Bekaert") jointly submit this memorandum in support of their Joint Motion to Stay Proceedings and Refer to Arbitration.

**FACTS**

1. Bekaert maintains a manufacturing facility in Rogers, Arkansas where Plaintiff was employed.

2. Plaintiff became employed by Bekaert at the Rogers facility on or about September 22, 2015.

3. As part of Bekaert's application process and as a condition of employment, Plaintiff who was known at the time as Kastina M. Williams, executed a Dispute Resolution Agreement (the "Agreement") in which the parties agreed to arbitrate certain disputes arising out of Plaintiff's employment with Defendant. Plaintiff signed the Agreement on July 16, 2015 (Agreement attached hereto as Exhibit A).

4. According to the Agreement, Plaintiff and Defendant must resolve certain claims or disputes that arise out of Plaintiff's employment through arbitration. Defendant presented Plaintiff with the Agreement for signature as a condition of consideration for employment. The Agreement states the following in pertinent parts:

> The application agrees that he/she will settle any and all previously unasserted claims, disputes or controversies arising out of or relating to his/her application or candidacy for employment, employment, and/or cessation of employment with Bekaert Corporation, exclusively by final and binding arbitration under the terms of this Agreement. The applicant agrees that Bekaert Corporations' acceptance and review of his/her application is sufficient consideration to support this Agreement. If employed, the applicant agrees that employment is further consideration to support this Agreement.
>
> All employment claims shall be subject to binding arbitration, including, without limitation, claims arising from employment termination, failure to hire or promote, wage claims, overtime claims, allegations of unlawful discrimination or harassment, or any other claim arising from the employment relationship; provided however, that any claims concerning the enforcement of a non-competition agreement, a non-solicitation agreement or confidentiality agreement signed by the applicant (or employee once employed), or any claims against the applicant or employee for embezzlement, theft or conversion shall not be subject to arbitration under this Dispute Resolution Agreement.
> …
> A demand for arbitration shall be submitted to the regional office of the American Arbitration Association ("AAA") nearest to the location of the Bekaert Corporation facility for which this application was submitted.
> …
> The parties to this Agreement agree to split the costs of any arbitration proceeding, unless applicable state law requires otherwise and, should applicable state law require otherwise, this Agreement will be construed in accordance therewith. Unless provided otherwise, the remainder of this Agreement and the terms therein, the interpretation and enforcement of the Agreement, and the conduct and review of all arbitration proceedings will be governed by the Federal Arbitration Act. Each party may be represented by an attorney or other representative and each party shall be responsible for its own attorneys' or representative's fees.
>
> Should any portion of this Agreement be found to be unenforceable, such portion will be severed from this Agreement, and the remaining portions shall continue to be enforceable.
>
> Bekaert Corporation's agreement to consider the application and/or Bekaert Corporation's offer of employment to the applicant; the promise by the applicant

> to arbitrate differences, rather than litigate them before courts or other bodies; and the promises by Bekaert Corporation and the applicant to be bound hereby, provide consideration for this Agreement.
>
> The applicant and Bekaert Corporation waive any constitutional right to have any dispute between them covered by the terms of this Agreement decided by a court of law and/or by a jury in a court proceeding and/or by any administrative agency.
> …
> The applicant acknowledges that he/she has carefully read this Agreement, understands its terms, and agrees that all understandings and agreements between Bekaert Corporation and the applicant relating to the subjects covered in this Agreement are contained herein. The applicant has voluntarily entered into the Agreement without reliance on any provisions or representations by Bekaert Corporation, other than those expressly contained herein.

*See* Exhibit A.

5. Plaintiff consented to arbitration and agreed to waive the right to litigate certain claims in Court and waived any right to a jury trial on claims covered by the Agreement.

6. Plaintiff's Amended Complaint alleges causes of action against Defendant for sex discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq*. ("Title VII"); retaliation under Title VII, and sex discrimination and harassment and retaliation in violation of the Arkansas Civil Rights Act ("ACRA"). Plaintiff has also filed a claim for declaratory relief that certain portions of the ACRA, as applicable to Plaintiff's other discrimination and harassment claims, are unconstitutional. Thus, all of Plaintiff's claims fall squarely within the scope of the claims covered by the Agreement. The purpose and effect of the Agreement is to substitute arbitration as the forum for the resolution of Plaintiff's specific claims.

## LAW AND AUTHORITY

### I. The FAA Provides for Enforcement of Arbitration Agreements.

The FAA applies to arbitration contracts affecting interstate commerce and requires courts to enforce valid contractual agreements to arbitrate contained in any such contract. See 9 U.S.C. §

2; *see also Southland Corp. v. Keating*, 465 U.S. 1, 7 (1984) ("Contracts to arbitrate are not to be avoided by allowing one party to ignore the contract and resort to the courts."). The FAA establishes the validity and enforceability of arbitration agreements. Specifically, the FAA provides that written agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2, *et seq.*; *see also Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). The purpose of the FAA "was to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). Thus, "[q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Id*. at 26; *see also Perry v. Thomas*, 482 U.S. 483, 490 (1987) (stating that arbitration agreements must be "rigorously enforced").

The Supreme Court or the United States has stated repeatedly that the FAA establishes a "liberal federal policy favoring arbitration agreements." *See CompuCreditCorp. v. Greenwood*, 132 S. Ct. 665, 669 (U.S. 2012) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Thus, when there is any doubt as to the scope of issues that are covered by an arbitration agreement, a district court must resolve these doubts in favor of arbitration. *Moses H. Cone Mem. Hosp.*, 460 U.S. at 24-25. In the employment context, the U.S. Supreme Court has been clear that the FAA applies with full force. As the Court has previously explained:

> We have been clear in rejecting the supposition that the advantages of the arbitration process somehow disappear when transferred to the employment context. [A]rbitration agreements allow parties to avoid the costs of litigation, a benefit that may be of particular importance in employment litigation, which often involves smaller sums of money than disputes concerning commercial contracts.

4

*Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 123 (2001); *see also Gilmer*, 500 U.S. at 27-33 (concluding that statutory claims of employment discrimination could be subjected to compulsory arbitration).

**II. Plaintiff's Claims are Within the Scope of the Agreement.**

The plain and unambiguous language of the Agreement demonstrates that the claims asserted in the instant case are within the scope of the matters to be arbitrated. As noted above, the Agreement encompasses the enumerated workplace claims including claims of discrimination, harassment and retaliation, grounded in federal or state law. Because Plaintiff's Amended Complaint alleges that Defendant engaged in actions prohibited by Title VII and the ACRA, the Amended Complaint falls squarely within the broad scope of the Agreement.

**III. This Court Should Stay the Pending Action and Refer Plaintiff's Lawsuit to Arbitration.**

Under the FAA, once the Court determines that there is a valid and enforceable arbitration clause covering the claims at issue, as there is here, the Court should stay the proceedings pending the outcome of arbitration:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

Plaintiff's claims in the present case are based on employment with Defendant and are brought under Title VII and the ACRC. Accordingly, because the parties have entered into a valid and enforceable arbitration agreement; because Plaintiff's claims against Defendant set forth in the Amended Complaint fall squarely within the scope of the Agreement; and because Plaintiff

and Defendant both agree that the lawsuit is subject to mandatory arbitration, this Court should issue an order staying the proceedings pending the outcome of arbitration.

## CONCLUSION

Based on the foregoing facts and arguments, Plaintiff and Defendant jointly and respectfully request that this case be stayed and referred to arbitration.

Respectfully submitted:

/s/GEORGE M. ROZZELL, IV w/permission
GEORGE M. ROZZELL, IV, AR BAR NO. 2008032
MILLER, BUTLER, SCHNEIDER, PAWLIK,
ROZZELL, PLLC
112 W. Center Street, Suite 555
Fayetteville, Arkansas 72701
224 S. 2nd Street
Rogers, Arkansas 72756
Telephone: 479-935-4995
grozzell@arkattorneys.com

ATTORNEYS FOR PLAINTIFF
KASON JO CARMICAL


/s/JAMES M. SIMPSON
JAMES M. SIMPSON, AR BAR NO. 2006115
SHAWN R. LILLIE, AR BAR NO. 2006135
ALLEN, SUMMERS, SIMPSON, LILLIE
& GRESHAM, PLLC
80 Monroe Avenue, Suite 650
Memphis, Tennessee 38103
Telephone: 901-763-4200
Facsimile: 901-684-1769
slillie@allensummers.com
jsimpson@allensummers.com

ATTORNEYS FOR DEFENDANT
BEKAERT CORPORATION

CERTIFICATE OF SERVICE

      I, James M. Simpson, hereby certify that on this the 15th day of March 2021, the foregoing Memorandum in Support of Joint Motion to Stay Proceedings and Compel Arbitration was electronically filed with the Clerk of the Court via the Court's ECF system which sent notification of such filing to counsel who have electronically registered with the Court, as follows:

                GEORGE M. ROZZELL, ESQ.
                MILLER, BUTLER, SCHNEIDER, PAWLIK, ROZZELL
                224 South 2nd Street
                Rogers, Arkansas 72756
                112 W. Center Street, Suite 555
                Fayetteville, Arkansas 72701

                grozzell@arkattorneys.com

                COUNSEL FOR PLAINTIFF

                                    /s/JAMES M. SIMPSON
                                    JAMES M. SIMPSON